UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PRINCE PILGRIM,

                              Plaintiff,

     -v.-                                                9:07-CV-1001
                                                                        (GLS)(RFT)

DALE ARTUS, Superintendent, Clinton Correctional
Facility

                              Defendant.

---

APPEARANCES:

PRINCE PILGRIM
Plaintiff, *pro se*
92-A-8847
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York  12929


GARY L. SHARPE, U.S. District Judge

### DECISION and ORDER

      The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, filed by Prince Pilgrim, who is currently incarcerated at Clinton Correctional Facility.  Dkt. Nos. 1 and 5.  Pilgrim has also filed a motion for injunctive relief.  Dkt. No. 3.

**I.    Complaint**

      In his *pro se* complaint, Pilgrim alleges that defendant Artus improperly affirmed Pilgrim's appeals from his Tier II disciplinary hearings, and in doing so, failed to correct the discrimination and retaliation leveled against Pilgrim on account of his religious beliefs. Dkt. No. 1.  Plaintiff also alleges that he filed several grievances with defendant informing

him that his staff was retaliating against Pilgrim for filing grievances. *Id.* For a more complete statement of Pilgrim's claims, reference is made to the entire complaint.

## II.     *In Forma Pauperis* Application

As to Pilgrim's *in forma pauperis* application (Dkt. No. 5), the Court finds that Pilgrim may properly proceed with this matter *in forma pauperis*.

## III.    Injunctive Relief

In support of his motion for injunctive relief, Pilgrim alleges that he has "been receiving disciplinary punishment for practicing [his] religious faith of Nation of Islam with dreadlocks." Dkt. No. 3 at 3. Pilgrim further alleges that "disciplinary punishment is used to disguise retaliation" against Pilgrim for his filing of grievances. Pilgrim asks the Court to order defendant Artus to stop the retaliation against Pilgrim and to "carry out his duty." *Id.* at 4. Pilgrim also asks the Court to issue an order (1) requiring defendant Artus to ensure that Pilgrim is being allowed to practice his religion; (2) barring further retaliation against Pilgrim; (3) allowing Pilgrim daily access to the law library "during the AM and PM call-outs during for the next thirty days;" (4) preventing retaliatory interference with Pilgrim's mail; and (5) directing that Pilgrim not be transferred in retaliation for filing this motion. *Id.* at 1-2.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id.* at 77 (affirming district court's denial of inmate's request for

preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

    (a) Irreparable harm

As to this first factor, where an alleged deprivation of constitutional rights is involved, courts generally do not require a further showing of irreparable harm by the party seeking injunctive relief. *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984). The Second Circuit has suggested that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Paulsen v. County of Nassau*, 925 F.2d 65, 68 (2d Cir. 1991) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). In this case, Pilgrim alleges that he is being denied the right to freely practice his religion and being retaliated against for exercising his right to file grievances. Accordingly, the Court will assume, **for purposes of this motion only**, that Pilgrim **may** suffer irreparable harm if the requested relief is not granted.

    (b)    Likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the plaintiff.

Despite the fact that one has established irreparable harm, a party is not entitled to injunctive relief unless there is also **proof** of a likelihood of succeeding on the merits of a claim, or **evidence** that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino*, 967 F.2d at 77. In the present case, Pilgrim has submitted only his own affidavit containing his request for injunctive relief and the reasons why he believes his request should be granted. Pilgrim has failed to submit **proof or evidence** which

meets this standard.

Moreover, to the extent that Pilgrim asks for an order to prevent him from being transferred out of his current facility, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Thus, there is no legal basis for this Court to order that Pilgrim remain in his current facility.

Accordingly, Pilgrim's request for injunctive relief is denied.

WHEREFORE, it is hereby

ORDERED, that Pilgrim's *in forma pauperis* application is **GRANTED**.[1] The Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon the defendant. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order, and it is further

ORDERED, that the Clerk provide the Superintendent of the facility, designated by Pilgrim as his current location, with a copy of Pilgrim's authorization form, and notify the official that this action has been filed and that Pilgrim is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Pilgrim's authorization form to the Financial Deputy of the Clerk's Office in Utica, New York, and it is further

---

[1] Pilgrim should note that although the application to proceed *in forma pauperis* has been granted, Pilgrim will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

4

ORDERED, that a response to Pilgrim's complaint be filed by the defendant or his counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendant, and it is further

ORDERED, that Pilgrim's motion for injunctive relief (Dkt. No. 3) is **DENIED**, and it is further

ORDERED, that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.**  Pilgrim must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Pilgrim is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do this will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on Pilgrim in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:    December 11, 2007

Gary L. Sharpe
U.S. District Judge