**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PRINCE PILGRIM,**

                **Plaintiff,**　　　　　　　　9:07-cv-1001
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/RFT)

                v.

**NEW YORK STATE**
**DEPARTMENT OF**
**CORRECTIONAL SERVICES**
**and BRIAN FISCHER,**

                **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Prince Pilgrim
Pro Se
92-A-8847
Attica Correctional Facility
Box 149
Attica, NY 14011

**FOR THE DEFENDANTS**
HON. ERIC T. SCHNEIDERMAN　　　AARON M. BALDWIN
New York State Attorney General　　Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Prince Pilgrim brings this action under 42 U.S.C. § 1983, alleging his constitutional rights were violated by defendants New York State Department of Correctional Services and its Commissioner, Brian Fischer.[1]  (*See* Compl., Dkt. No. 1.)  In a Report-Recommendation and Order (R&R) filed September 1, 2011, Magistrate Judge Randolph F. Treece recommended that defendants' motion to dismiss (Dkt. No. 69) be granted and Pilgrim's Complaint be dismissed.[2]  (*See generally* R&R, Dkt. No. 74.)  Pending are Pilgrim's objections to the R&R.  (*See* Dkt. No. 77.)  For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No.

---

[1]  Commissioner Fischer was substituted as a party in accordance with this court's order of September 17, 2010.  (*See* Dkt. No. 57.)

[2]  The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.*

### III.  Discussion

Pilgrim alleges—largely by reciting paragraphs of legal standards—that Judge Treece erred when he: (1) improperly summarized the background of the case, and (2) recommended that the Complaint be dismissed as moot.  (*See* Dkt. No. 77 at 2, 4-6.)  In addition to these "objections," Pilgrim reasserts his demand for a jury trial, and for monetary relief under 42 U.S.C. § 1983.  (*See id.* 5-6.)  The court addresses each of these arguments in turn.

First, Pilgrim's objection to the background is of no moment as Judge Treece's summary is neither objectionable nor error.  Likewise, his second objection, which focuses on his belief that the new directive is "vague," was already addressed in the R&R.  (*See* Dkt. No. 77 at 5; R&R at 7.)  Because Pilgrim's objection on this point merely repeats his previous argument, it does not warrant *de novo* review.  Finally, Pilgrim's remaining claims, regarding his demand for a jury trial and non-equitable relief under section

3

1983, were already addressed in the previous memorandum-decision and order.  (*See generally* Dkt. No. 57.)  In sum, none of Pilgrim's assertions amount to an actual objection, and thus, *de novo* review is unnecessary. Having found no clear error in the R&R, the court accepts and adopts Judge Treece's R&R in its entirety.

### IV.  <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's September 1, 2011 Report-Recommendation and Order (Dkt. No. 74) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 69) is **GRANTED** and Pilgrim's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

December 5, 2011
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge